**Case No. 16-55204**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DYLAN STEWART,

*Plaintiff-Appellee*,

vs.

SAN LUIS AMBULANCE, INC.,

*Defendant-Appellant*.

On Appeal from the United States District Court for the Central
District of California, Case No. 2:13-cv-09458-BRO-SS

**APPELLANT'S OPENING BRIEF**

**HILL, FARRER & BURRILL LLP**
E. Sean McLoughlin, SBN 174076
Clayton J. Hix, SBN 236718
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA  90071-3147
Tel. No.:  (213) 620-0460
Fax No.:  (213) 624-4840
Email: smcloughlin@hillfarrer.com
*Attorneys for Appellant San Luis
Ambulance Service, Inc.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Rule 26.1, Federal Rules of Appellate Procedure, provides: "Any nongovernmental corporate party to a proceeding in a court of appeals must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation."

Pursuant to FRAP Rule 26.1, Appellant SAN LUIS AMBULANCE SERVICE, INC. ("San Luis Ambulance" or "Appellant") respectfully submits its corporate disclosure statement. Appellant is a privately held corporation and does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT

I.    STATEMENT OF JURISDICTION ................................................1

II.    INTRODUCTION ........................................................................1

III.    STATEMENT OF THE ISSUES ................................................3

IV.    STATEMENT OF THE CASE ....................................................4

V.    STATEMENT OF RELEVANT FACTS......................................8

VI.    SUMMARY OF THE ARGUMENT ..........................................12

VII.    ARGUMENT...............................................................................14

    A.    Standard Of Review ........................................................14

    B.    The District Court Improperly Awarded Fees Incurred In The Javine Action That Appellant Already Paid Pursuant To A Final Judgment ..........................................................................15

        1.    The Javine Judgment Precluded Any Further Award For Attorneys' Fees Incurred In Javine, And The District Court Erred By Awarding Additional Fees To Appellee For Javine Work....................................................15

        2.    Regardless Of Collateral Estoppel, The District Court's Award To Stewart Of Additional Amounts For Attorneys' Fees Incurred In Javine Unreasonably Allowed Double Recovery, Making Appellant Pay Twice For The Same Hours ..........................................19

        3.    The District Court's Failure To Explain Why It Reduced The Javine Fees By Only Half Was An Abuse Of Discretion ..................................................................21

    C.    The District Court Improperly Awarded Fees For Litigating Discovery Disputes And Pleading Motions That Were Entirely Unrelated To The Overtime Claims On Which Appellee Prevailed ..........................................................................23

# TABLE OF CONTENTS
## (continued)

**Page**

D.     The District Court Improperly Concluded That Neither Of San Luis Ambulance's Earlier Rule 68 Offers Was Not More Favorable Than The $750 Judgment Plaintiff Ultimately Obtained ................................................................................ 25

E.     The District Court Erred By Awarding Attorneys' Fees Not Commensurate With The Extent Of Plaintiff's Success ................... 31

VIII.   CONCLUSION ................................................................... 33

STATEMENT OF RELATED CASES ................................................ 1

CERTIFICATE OF COMPLIANCE .................................................... 2

CERTIFICATE OF SERVICE ............................................................ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aldabe v. Aldabe,
    616 F.2d 1089 (9th Cir. 1980) ............................................................1

Azam-Qureshi v. The Colony Hotel, Inc.,
    540 F. Supp. 2d 1293 (S.D. Fla. 2008) ...........................................31

Benton v. Or. Student Assistance Comm'n,
    421 F.3d 901 (9th Cir.2005) ............................................................15

Bogan v. City of Boston,
    489 F.3d 417 (1st Cir. 2007).............................................................30

Bravo v. City of Santa Maria,
    810 F.3d 659 (9th Cir. 2016) ...........................................................19

Crosby v. Wells Fargo Bank, N.A.,
    42 F.Supp.3d 1343 (C.D. Cal. 2014) ...............................................23

Fireman's Fund Ins. Co. v. International Market Place,
    773 F.2d 1068 (9th Cir.1985) ..........................................................17

Gary v. Health Care Serv., Inc.,
    940 F.2d 673 (11th Cir. 1991) .........................................................31

Gary v. Health Care Servs., Inc.,
    744 F. Supp. 277 (M.D. Ga. 1990) ..................................................31

Gates v. Deukmejian,
    987 F.2d 1392 (9th Cir. 1992) .........................................................21

Harrington v. Payroll Entm't Servs., Inc.,
    160 Cal. App. 4th 589 (2008) ..........................................................32

Haworth v. State of Nevada,
    56 F.3d 1048 (9th Cir. 1995) ..................................1, 2, 14, 29, 30, 34

Hensley v. Eckerhart,
    461 U.S. 424 (1983).........................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

Hoffman v. Construction Protective Services, Inc.,
2006 WL 6105640 (C.D. Cal. 2006) ...................................................................31

Jordan v. Time, Inc.,
111 F.3d 102 (11th Cir. 1997) ...........................................................................14

Marek v. Chesny,
473 U.S. 1 (1985).........................................................................................16, 18

Marryshow v. Flynn,
986 F.2d 689 (4th Cir. 1993) .............................................................................29

McCown v. City of Fontana,
565 F.3d 1097 (9th Cir.2009) ............................................................................21

McGinnis v. Kentucky Fried Chicken of California,
51 F.3d 805 (9th Cir. 1994) ...............................................................................31

Muniz v. United Parcel Serv., Inc.,
738 F.3d 214 (9th Cir. 2013) .............................................................................23

Nordby v. Anchor Hocking Packaging Co.,
199 F.3d 390 (7th Cir.1999) ..............................................................................17

Steiner v. Lewmar, Inc.,
816 F.3d 26 (2d Cir. 2016) ................................................................................17

Stetson v. Grissom,
821 F.3d 1157 (9th Cir. 2016) ...........................................................................21

Thomas v. Home Depot USA Inc.,
527 F.Supp.2d 1003 (N.D. Cal. 2007)...............................................................23

Town of North Bonneville v. Callaway,
10 F.3d 1505 (9th Cir.1993) ..............................................................................17

Wilcox v. City of Reno,
42 F.3d 550 (9th Cir. 1994) ...............................................................................32

**Statutes**

28 U.S.C. § 2107(a) .....................................................................................1

# TABLE OF AUTHORITIES

**Page(s)**

29 U.S.C. § 216 ..................................................................................1

29 U.S.C. § 1291 ................................................................................1

29 U.S.C. § 1331 ................................................................................1

Cal. Civ. Proc. Code § 340(a) ..........................................................23

Cal. Labor Code § 203 ........................................................................6

Cal. Labor Code § 2699 ......................................................................6

**Other Authorities**

Fed. R. App. P. 4(a)(1)(A) ..................................................................1

Fed. R. Civ. Proc. 68 ........................................................................25

# I.

## **STATEMENT OF JURISDICTION**

The district court had original jurisdiction under 29 U.S.C. § 216 and 29 U.S.C. § 1331 based on Appellee Dylan Stewart's ("Stewart" or "Appellee") second claim for relief under the Fair Labor Standards Act. ER 463-464, 469, 802-803, 812. That claim was resolved by Appellee's November 5, 2015 acceptance of San Luis Ambulance's third Rule 68 offer, which resulted in a final judgment being entered November 24, 2015. ER 355-356. The district court's January 7, 2016 post-judgment order awarding attorneys' fees is appealable and this Court has jurisdiction under 29 U.S.C. § 1291. Haworth v. State of Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995). Appellant timely filed its notice of appeal February 8, 2016. ER 19; 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); Aldabe v. Aldabe, 616 F.2d 1089, 1091, fn. 1 (9th Cir. 1980).

# II.

## **INTRODUCTION**

This case involved a single viable claim for miscalculated overtime premiums. Ultimately, Appellee accepted San Luis Ambulance's Rule 68 offer of judgment and recovered $750. The district court then awarded Appellee $132,985 in attorneys' fees and $3,180.51 in costs based on his $750 recovery. The district court's fee award in this case shocks the conscience and requires reversal.

The district court should have rejected the vast majority of the fees and costs applied for because Appellee twice rejected Rule 68 offers from San Luis Ambulance before exploding the litigation in pursuit of unrelated claims on which he ultimately failed. The $750 judgment that Appellee ultimately recovered was less favorable than either of San Luis Ambulance's two previous offers. Rule 68 and applicable case law required the district court to severely discount or even refuse to award any fees incurred after Appellee rejected the earlier and better offers. Under Ninth Circuit precedent, "the district court should have taken into consideration the reasonableness of the plaintiffs proceeding . . . and recovering less than what they could have by accepting the settlement offer." Haworth, 56 F.3d at 1050.

Even if the district court was permitted to take into account the fees incurred after the early Rule 68 offers, it was nevertheless required to reduce Stewart's fee request to: (1) exclude all work unrelated to the miscalculation of the overtime claim on which he recovered the $750; (2) exclude all work performed in the *Javine* action by attorneys who were not Stewart's counsel at the time; (3) reduce the fees to account for the very limited success achieved and the lack of success on seven out of eight discrete claims. After making all these adjustments, the district court should have further and severely reduced the remaining number to reflect the conscious decision made by Stewart and his counsel to gamble that they could do

better than San Luis Ambulance's early Rule 68 offers, and their unreasonable and vexatious manner of pursuing that gamble, which ultimately proved a bad bet.

## III.

## STATEMENT OF THE ISSUES

1.      Whether the district court erred by awarding attorneys' fees in the *Stewart* action which San Luis Ambulance had already paid in the *Javine* action, in that:

(a)      San Luis Ambulance paid attorneys' fees in *Javine* to satisfy a lump-sum judgment that included all costs and fees incurred in that action. That final judgment bars a finding in *Stewart* that any additional fees incurred in *Javine* could be due from San Luis Ambulance;

(b)      an award of the same attorneys' fees twice constitutes an impermissible double recovery; and

(c)      the district court failed to explain why it reduced its award of attorneys' fees incurred in the *Javine* action by only 50%.

2.      Whether the district court erred by awarding attorneys' fees incurred in connection with Appellee's unsuccessful litigation of discovery motions related solely to claims on which Appellant prevailed and that were not connected to the miscalculation of overtime claim on which Stewart recovered his $750 judgment.

3.      Whether the district court erred by concluding San Luis Ambulance's Rule 68 offers were not more favorable than the judgment ultimately obtained, and if so, also erred by:

(a)      failing to consider the more favorable Rule 68 offers as part of its attorneys' fees award; and

(b)      awarding costs incurred after the more favorable Rule 68 offers were rejected.

4.      Whether the district court erred by making an attorneys' fee award that was not commensurate with the plaintiff's success—i.e., by awarding $132,985 in attorneys' fees for a $750 recovery.

**IV.**

**STATEMENT OF THE CASE**

Because the district court improperly awarded attorneys' fees incurred in a related action, San Luis Ambulance includes the salient events in both cases.[1]

**The _Javine_ Action**

The _Javine_ case was filed October 9, 2013 against San Luis Ambulance by former employee Leslie Javine.  ER 834.  She alleged claims for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA) and an assortment of state law wage and hour claims under California's Labor Code, and sought putative

---

[1] Copies of both trial court dockets are included at the end of the excerpts of record.  ER 858-872 (_Javine_ docket); ER 873-892 (_Stewart_ docket).

collective and class action status. ER 834-853. No notice under the FLSA was ever issued and no absent party ever opted in. ER 741-744, 748, 862 (*Javine* Dkt. No. 96). Class certification under Rule 23 on the state law wage and hour claims was denied. ER 761-772. Following denial of class certification, Javine and her counsel (the Baltodano and Boren firms) accepted a Rule 68 offer from San Luis Ambulance to resolve the entire action for a lump-sum payment that included all costs and attorneys' fees incurred before the date of the offer. ER 741-744. Through the March 10, 2015 date of acceptance of that offer, counsel for Javine never represented any other individual, including Stewart. ER 523. Judgment was entered on April 9, 2015. ER 725-726.

## The *Stewart* Action

Appellee's initial complaint was filed December 26, 2013. ER 802. The sole federal claim was for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA). ER 802-803, 812. The balance of the claims consisted of a duplicative state law claim seeking the same unpaid overtime wages (based on California's incorporation of the federal overtime calculation regulations) and seven additional state law wage and hour claims under California's Labor Code that were unrelated to the miscalculation of overtime claim. ER 802-833. The overtime claim alleged that San Luis Ambulance miscalculated and underpaid overtime premiums based on the exclusion of pager pay and "call-back" incentive

payments from the regular rate in violation of the FLSA (and therefore California law too, which adopts the FLSA definition of the "regular rate"). The unrelated state law claims alleged: (1) meal period violations; (2) rest break violations; (3) wage statement violations; (4) statutory penalties under Labor Code § 203; (5) unreimbursed business expenses; (6) derivative violation of California's Unfair Competition Law; and (7) derivative civil penalties under Labor Code section 2699 ("PAGA"). ER 802. Ultimately, Appellee prevailed only on the miscalculation of overtime claim. ER 355-356.

The claims alleged in *Stewart* were substantially identical to the claims alleged by and already pending in *Javine*. ER 802-827, 832-853. Although the claims were virtually identical, the lawyers were not. Appellee was represented by the Blanchard and Dion-Kindem firms. ER 802. *Stewart* was filed as a putative collective, class and representative action, but at the time it was filed, the earlier filed *Javine* action was already seeking putative collective, class and representative status. ER 802-827, 832-853.

San Luis Ambulance answered the *Stewart* complaint. ER 403-420. Within weeks of San Luis Ambulance answering Appellee's complaint, the district court consolidated the two related cases and closed the *Stewart* action, pending proceedings in *Javine*. ER 801 (order consolidating).

Following consolidation, counsel in *Javine* applied to be appointed "lead

interim counsel" in the consolidated case. ER 775-800. The district court granted the unopposed motion. ER 773-774. Although the Blanchard and Dion-Kindem firms were not lead counsel, they continued as the only counsel of record individually representing Appellee. ER 523. From March 7, 2014 until March 13, 2015, the *Stewart* action remained closed and almost nothing happened. ER 137 (McLoughlin Decl., ¶¶ 12-15).

After class certification was denied in *Javine*, and *Javine* settled, the district court reopened *Stewart*. ER 740. An amended complaint dropping the putative class and collective action claims was filed [ER 463-503], which San Luis Ambulance answered. ER 403-420. San Luis Ambulance moved for summary judgment on Appellee's claims, which was partially granted as to the third through eighth claims for relief. ER 375-402. Although the district court was unable to determine whether or not any miscalculation of overtime in violation of the FLSA had occurred, the question soon became moot when Appellee accepted Appellant's offer of judgment under Rule 68. ER 367-374. Once the FLSA claim became moot, the district court declined to exercise supplemental jurisdiction over the remaining state law claim, and dismissed it without prejudice. ER 357-366. Judgment was entered November 24, 2015.[2] ER 355-356.

---

[2] Appellee appealed, contesting the partial summary judgment ruling. See Stewart v. San Luis Ambulance, Case No. 15-56943.

## V.

## __STATEMENT OF RELEVANT FACTS__

Appellee is a former ambulance crew employee who worked 223 shifts for San Luis Ambulance before voluntarily quitting his employment. ER 376; ER 425 (lines 2-9). His regular rate of pay ranged from $8.22 to $9.08. ER 427 (lines 25-28). A month before filing his lawsuit, Appellee informed San Luis Ambulance in writing that "there is no additional money owed to me at the present time." ER 136, 150.

Appellee filed his action more than one year after his last day of work. ER 802 (complaint); ER 377; ER 425 (lines 2-9). This timing severely limited his potential recovery on claims for penalties governed by a one year statute of limitation.

Two weeks after Appellee filed his lawsuit, his counsel requested copies of his pay records, which were subsequently provided. ER 136-137, 153-155, 157-164. From Appellee's pay records, any experienced wage and hour practitioner familiar with the FLSA could have calculated the amount of potential overtime premium due on the miscalculation claim. ER 135-136. In discovery, Appellee eventually conceded he was owed less than $250 based on the alleged miscalculation of overtime. ER 237 (lines 7-9 and fn. 1). Additionally, given the limited number of days Appellee had worked, his applicable hourly rates and the

statutorily prescribed penalties and periods of limitation, Appellee's counsel could have determined that his individual claims were worth less than $5,000, assuming they all had merit.  ER 134-137, 140-143 (McLoughlin Decl., ¶¶ 3-14, 20-25).

During the year that passed between the consolidation order and the *Javine* settlement, from March 7, 2014 until March 13, 2015, the *Stewart* action remained closed and almost nothing happened.  ER 137 (McLoughlin Decl., ¶¶ 12-15).  The sole exceptions had to do with settlement.  In May 2014, counsel for Appellee inquired about San Luis Ambulance's interest in an individual settlement, to which San Luis Ambulance's counsel responded favorably.  ER 137, 166.  When no proposal was made by Appellee, San Luis Ambulance made a Rule 68 offer to Appellee in the amount of $1,000 plus costs and attorney's fees of up to $10,000 through that date.  ER 138-139, 168-171.  It expired unaccepted.  ER 138.

During the same period, San Luis Ambulance was trying to negotiate a settlement in the *Javine* action.  ER 138.  By that time class certification in *Javine* had been denied.  ER 750-772.  In the course of those negotiations, counsel for Javine was specifically informed how small the potential amounts of miscalculated overtime involved were.  ER 138 (McLoughlin Decl., ¶ 16).  On March 10, 2015, Javine accepted a Rule 68 offer resolving that entire action for $115,000, including all claims for costs and attorneys' fees incurred.  ER 741-746.  *Javine* was closed and judgment was entered April 9, 2015.  ER 725-726.

The district court reopened *Stewart* on March 13, 2015. ER 740. Four days later, counsel for Appellee associated the *Javine* lawyers into the case for the first time. ER 727-739. Before March 17, 2015, the Baltodano and Boren firms had not represented Appellee [ER 725-739] and at the time they formed a relationship with Appellee and joined the *Stewart* action as counsel of record, they already had accepted San Luis Ambulance's lump-sum settlement in *Javine*, and knew that it included the sole compensation for their work in *Javine*. ER 741-746.

A week after *Stewart* was reopened and just three days after the association of the Baltodano and Boren firms into the *Stewart* case, San Luis Ambulance tried again to settle the *Stewart* case under Rule 68, this time almost doubling its offer to $20,000, including costs and attorneys' fees through that date. ER 140 (McLoughlin Decl., ¶ 21); ER 195-198 (2nd Rule 68 Offer). This second offer too went unaccepted.

From the moment that the former *Javine* counsel joined the *Stewart* lawsuit as counsel for Appellee, the case changed. ER 141 (McLoughlin Decl., ¶ 23). Two months after joining the *Stewart* action, newly associated counsel Paul Haines demanded $115,000 to settle the case, despite the fact that none of Appellee's individual claims could potentially approach more than $5,000 in value. ER 142 (McLoughlin Decl., ¶ 24). When San Luis Ambulance was unwilling to offer a lump-sum identical to the *Javine* settlement, Appellees counsel initiated substantial

litigation over discovery disputes and pleading motions that concerned *only* Appellee's ninth claim for relief under PAGA, which sought derivative civil penalties based on meal and rest period violations, wage statement violations, and unreimbursed business expenses. ER 590 ("All are PAGA-related requests…"); ER 401. The PAGA claim was not related to or based upon Appellee's miscalculation of overtime claim, and neither the litigation of Appellee's discovery motion nor the Appellee's efforts to amend complaint to correct the PAGA claim had anything to do with Appellee's first or second claims for relief. ER 141-143 (McLoughlin Decl., ¶¶ 23-24); ER 401. Indeed, the district court ultimately dismissed the PAGA claim for lack of subject matter jurisdiction. ER 366.

After much litigation having nothing to do with Stewart's miscalculation of overtime claims or even his other individual claims, San Luis Ambulance was granted summary judgment on Stewart's meal period, rest break, wage statement, waiting time penalty, unreimbursed business expense and UCL claims. ER 375-402. With only Stewart's miscalculation of overtime claims remaining for trial, San Luis Ambulance again tried a Rule 68 offer. ER 204-207 (3rd Rule 68 Offer). San Luis Ambulance's counsel sent the offer with a letter that explained the calculations (which Stewart's counsel could have and should have made years earlier) showing how little Stewart's miscalculation claim was worth. ER 200-202. This time Appellee accepted [ER 367-374], but obtained a judgment of only $750

[ER 355-356], less than either of the previous Rule 68 offers. ER 168-171 (1st Rule 68 Offer); ER 195-198 (2nd Rule 68 Offer).

After judgment was entered in Stewart's favor for $750 on his miscalculation of overtime claim, but in favor of San Luis Ambulance on all of the other claims, Stewart applied for an award of attorneys' fees in the amount of $160,475.15 and costs in the amount of $3,702.67. ER 228-354. The district court ultimately awarded Stewart $132,985 in attorneys' fees and $3,180.51 in costs. ER 1-17. This appeal followed. ER 19.

## VI.

## SUMMARY OF THE ARGUMENT

The district court erred in a number of respects by awarding excessive attorneys' fees and costs to Stewart.

First, the district court awarded attorneys' fees to Appellee's counsel for work performed they performed in a different case (the *Javine* action) during a time when they did not represent Stewart and the *Stewart* action was closed. San Luis Ambulance paid all attorneys' fees incurred by counsel in the *Javine* action according to a final judgment. The district court's award of additional attorneys' fees incurred in the *Javine* action violates principles of collateral estoppel and constitutes an impermissible double recovery. At a minimum, the district court erred by failing to provide any explanation why it discounted the requested fees

incurred by counsel in *Javine* by only 50%.

Second, the district court erred by awarding attorneys' fees for work performed solely to advance unsuccessful claims. The district court found that significant attorneys' fees for work performed to prepare a lengthy discovery motion and an amended complaint were justified because it overlapped with issues concerning the claims on which Appellee ultimately prevailed. This finding was factually incorrect and unsupported by the record, and awarding fees for this work was error.

Third, the district court improperly concluded that San Luis Ambulance's two Rule 68 offers were not more favorable than the judgment Appellee ultimately obtained. In the very early stages of the case, at a time when Appellee's counsel had incurred *de minimus* attorneys' fees, San Luis Ambulance served Rule 68 offers for $11,000 and $20,000. Plaintiff ultimately succeeded on only one of his eight legal theories and obtained a judgment for only $750. The district court found that the Rule 68 offers were not more favorable because they did not exceed the attorneys' fees incurred by Stewart's counsel at the time. The district court erred because its determination was based on 100% of the attorneys' fees requested by Appellee and not the Appellee's "reasonable" attorneys' fees as ultimately determined by the district court after significant reductions.

-13-

Fourth, assuming the district court erred by concluding San Luis Ambulance's two Rule 68 offers were not more favorable than the judgment ultimately obtained, the district court also erred because it (1) failed to consider the more favorable Rule 68 offers as part of its attorneys' fee award and (2) awarded costs incurred after the Rule 68 offers were made.

Fifth, the district court erred by awarding attorneys' fees that were grossly incommensurate with the relief ultimately obtained. A $132,985 attorneys' fee award for a $750 recovery is inappropriate.

For each of the above reasons, the district court's award of attorneys' fees and costs should be reversed and the case remanded with instructions to re-issue a substantially reduced award consistent with applicable law.

## VII.

## ARGUMENT

### A. Standard Of Review

"We generally review fee awards for an abuse of discretion. We review de novo, however, any elements of legal analysis and statutory interpretation which figure in the district court's award." Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir.1995) (citation and internal quotation marks omitted); see also Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997) (The proper interpretation of Rule 68 is a legal question which the Court reviews de novo). "A district court abuses its

discretion when it awards fees based on an inaccurate view of the law or a clearly erroneous finding of fact." Benton v. Or. Student Assistance Comm'n, 421 F.3d 901, 904 (9th Cir.2005) (internal quotation marks omitted).

**B.    The District Court Improperly Awarded Fees Incurred In The _Javine_ Action That Appellant Already Paid Pursuant To A Final Judgment**

**1.    The _Javine_ Judgment Precluded Any Further Award For Attorneys' Fees Incurred In _Javine_, And The District Court Erred By Awarding Additional Fees To Appellee For _Javine_ Work**

The _Javine_ action concluded with a final judgment entered based on acceptance of San Luis Ambulance's Rule 68 offer of judgment, which unequivocally provided for a lump-sum settlement that included all costs and attorneys' fees incurred in _Javine_.  Under Rule 68, acceptance of the _Javine_ offer conclusively determined whether or not any subsequent motion could seek an award of additional money for the same attorneys' time.  As the Supreme Court summarized:

> This construction of the Rule best furthers the objective
>
> of the Rule, which is to encourage settlements.  If
>
> defendants are not allowed to make lump-sum offers that

> would, if accepted, represent their total liability, they
> would understandably be reluctant to make settlement
> offers.  As the Court of Appeals observed, "many a
> defendant would be unwilling to make a binding
> settlement offer on terms that left it exposed to liability
> for attorney's fees in whatever amount the court might
> fix on motion of the plaintiff."

Marek v. Chesny, 473 U.S. 1, 6–7 (1985) (citing Chesny v. Marek, 720 F.2d 474, 477(7th Cir. 1983)).  This conclusive effect was tacitly acknowledged by counsel in *Javine*, the Baltodano and Boren firms, who did not timely file any motion in *Javine* seeking an award of additional amounts for costs or attorneys' fees.  ER 860-861 (*Javine* docket after judgment entered).

Entry of the final judgment in *Javine*, from which no appeal was taken, amplified the conclusive effect of Rule 68 and the accepted *Javine* offer and entitled San Luis Ambulance to preclude the relitigation of the question of whether any additional amounts could be awarded by the district court for the attorney time worked in *Javine* by the Baltodano and Boren firms.  The district court's order awarding Appellee additional amounts of attorneys' fees for *Javine* work therefore failed to apply collateral estoppel.

"Whether collateral estoppel is available is a mixed question of law and fact subject to de novo review." Town of North Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir.1993). Federal law governs the collateral estoppel effect of a case decided by a federal court. Fireman's Fund Ins. Co. v. International Market Place, 773 F.2d 1068, 1069 (9th Cir.1985). To foreclose relitigation of an issue under federal law: (1) the issue must be identical; (2) the issue must have been determined in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. Town of North Bonneville, 10 F.3d at 1508 (citations omitted).

In this case, the district court failed to give preclusive effect to the final judgment entered in *Javine* following the accepted Rule 68 offer, which determined that San Luis Ambulance's payment of $115,000 included any and all compensation for any and all attorneys' fees incurred by the Baltodano firm or the Boren firm in *Javine* before February 26, 2015. The district court overlooked its own finding in *Stewart* that "Javine's Rule 68 offer accounted for attorneys' fees in the *Javine* matter." ER 10.

If a Rule 68 offer unambiguously includes attorneys' fees, plaintiffs may not accept the offer and then apply to a court for fees in addition to the accepted settlement. Steiner v. Lewmar, Inc., 816 F.3d 26, 31–32 (2d Cir. 2016); Goodheart Clothing, 962 F.2d at 272; Nordby v. Anchor Hocking Packaging Co.,

199 F.3d 390 (7th Cir.1999) (affirming denial of attorneys'fees where plaintiff accepted an unambiguous offer); see also Marek, 473 U.S. at 6–7, 105 S.Ct. 3012 ("If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers."). This was the case in *Javine.*

Here, counsel who later would become counsel for Appellee accepted in *Javine* an unambiguous offer that included all of their attorneys' fees related to any and all of their work in *Javine.* In the accepted offer, San Luis Ambulance offered "to pay Plaintiff and her attorneys the total amount of One Hundred Fifteen Thousand Dollars ($115,000.00), which includes all: . . . (6) attorneys' fees incurred before the date of this offer. If accepted, the amount of One Hundred Fifteen Thousand Dollars ($115,000.00) paid pursuant to this offer shall be the total amount to be paid by Defendant on account of any liability claimed by Plaintiff in this action, including all costs of suit and attorneys' fees otherwise recoverable in this action by Plaintiff. Except as provided above, each party shall bear her/its respective costs and attorneys' fees." ER 177-178. Judgment was entered and became final without any attempt by counsel in *Javine* to apply for additional fees in that action. ER 725-726; ER 860-861 (*Javine* docket after judgment entered).

The district court's erred by awarding Appellee $18,676.90[3] of attorneys' for work performed in *Javine* by attorneys at the Baltodano and Boren firms. ER 10; ER 145-146 (McLoughlin Decl., ¶ 28(f); ER 219 (Exhibit 16). Those fees were precluded by the final *Javine* judgment and the unambiguous Rule 68 offer the acceptance of which resulted in that judgment.

### 2. Regardless Of Collateral Estoppel, The District Court's Award To Stewart Of Additional Amounts For Attorneys' Fees Incurred In *Javine* Unreasonably Allowed Double Recovery, Making Appellant Pay Twice For The Same Hours

The award of additional attorneys' fees on top of the accepted *Javine* judgment amount also constituted an abuse of discretion. By giving the Baltodano and Boren firms an unreasonable double recovery, the district court made San Luis Ambulance pay them twice for the same billable time that already had been compensated through the accepted *Javine* Rule 68 offer.

"[A] district court abuses its discretion when it refuses to offset an award of attorney fees by a settling defendant's payment of those same fees...[a] second payment for the same billable time is an unreasonable double recovery." Bravo v. City of Santa Maria, 810 F.3d 659, 668 (9th Cir. 2016).

---

[3] The Baltodano and Boren firms sought compensation for $37,353.80 of attorneys' fees they incurred in the *Javine* action, but the district court reduced this request by 50%. ER 10, fn. 4.

Here, San Luis Ambulance already paid for all billable time incurred by the Boren and Baltodano firms in *Javine,* whether on behalf of Plaintiff Javine herself or on behalf of the putative class that was unsuccessfully sought in *Javine*. ER 725-726. The district court did <u>not</u> find that either the Boren or Baltodano firms represented Stewart earlier than March 17, 2015. ER 10. As of the March 10, 2015 acceptance in *Javine* of the $115,000 lump-sum Rule 68 offer, class certification had been denied [ER 750-774], and the Boren and Baltodano firms were acting solely on behalf of Plaintiff Javine. ER 523 ("[A]s of…February 26, 2015…neither I nor my co-counsel, Paul K. Haines and Feltcher [sic] W. Schmidt, represented Plaintiff Stewart at that time, including as interim lead class counsel…"). From December 26, 2013 until March 16, 2015, Plaintiff Stewart was represented exclusively by attorneys Blanchard and Dion-Kindem. ER 727-739 (associations of counsel), 802 (initial complaint). Awarding attorneys' fees to Appellee for work performed by the *Javine* lawyers in the *Javine* action and making San Luis Ambulance pay those lawyers twice for the same work amounted to an unreasonable double recovery. Appellant was entitled to an offset in an amount equal to the entire $18,676.90 awarded to Stewart for work by the Baltodano and Boren law firms in connection with the *Javine* action before February 26, 2015. ER 10; ER 145-146 (McLoughlin Decl., ¶ 28(f); ER 219.

**3.      The District Court's Failure To Explain Why It Reduced The**

**_Javine_ Fees By Only Half Was An Abuse Of Discretion**

Although the district court appeared to appreciate the unfairness of making

San Luis Ambulance pay the same attorneys twice for the same work, the district

court's "solution"—an unexplained 50% reduction—was without rhyme or reason.

A district court's failure to articulate a "concise but clear" explanation for an

across-the-board reduction is an abuse of discretion.  <u>Gates v. Deukmejian</u>, 987

F.2d 1392, 1400 (9th Cir. 1992); <u>Stetson v. Grissom</u>, 821 F.3d 1157, 1166 (9th Cir.

2016) (same).  The district court must "explain how it arrived at its determination

with sufficient specificity to permit an appellate court to determine whether the

district court abused its discretion in the way the analysis was undertaken."

<u>McCown v. City of Fontana</u>, 565 F.3d 1097, 1102 (9th Cir.2009).

Here, the lack of any explanation was an abuse of discretion.  The district

court entire explanation was,

> "The Court finds it unreasonable to require that [San Luis
>
> Ambulance] pay for the entire amount of fees incurred by
>
> interim class counsel from April 17, 2014 to March 17,
>
> 2015.  Javine's Rule 68 offer accounted for attorneys'
>
> fees in the _Javine_ matter.  As such, the Court will reduce
>
> the fees incurred by the Boren and Baltodano law firms

prior to March 17, 2015, by 50 percent." ER 10.

This finding contradicts prior sworn statements of Javine's counsel, who expressly disclaimed representation of Stewart either individually or as interim class counsel:

> [A]s of…February 26, 2015…neither I nor my co-
> counsel, Paul K. Haines and Feltcher [sic] W. Schmidt,
> represented Plaintiff Stewart at that time, including as
> interim lead class counsel since the Court on January 13,
> 2014 denied Plaintiff Javine's motion for class
> certification under Rule 23…After the *Javine* action was
> resolved after Plaintiff Javine accepted Defendant's Rule
> 68 offer of judgment, the Court re-opened this action on
> March 13, 2015. [citation] My office and Mr. Haines'
> office did not file associations of counsel in the *Stewart*
> action until March 17, 2015.

ER 523 (Baltodano Decl., ¶ 2).

A proper analysis may have resulted in the district court realizing that a 100% reduction of the fees incurred by the Baltodano and Boren firms before they became co-counsel for Stewart on March 17, 2015 was the only appropriate determination.

**C.**    **<u>The District Court Improperly Awarded Fees For Litigating Discovery</u>**

      **<u>Disputes And Pleading Motions That Were Entirely Unrelated To The</u>**

      **<u>Overtime Claims On Which Appellee Prevailed</u>**

The law requires any fee award to "be adjusted to reflect limited success."

<u>Muniz v. United Parcel Serv., Inc.</u>, 738 F.3d 214, 224 (9th Cir. 2013); <u>Hensley v.</u>

<u>Eckerhart</u>, 461 U.S. 424 (1983). The district court applied this principle

incorrectly, by applying across the board percentage reduction when large, discrete

amounts of the fees sought by Appellee were incurred solely in pursuit of claims

on which San Luis Ambulance prevailed, and had no connection at all to the

miscalculation of overtime claim on which Appellee achieved his $750 recovery.

Before any percentage reduction was applied, the district court was required to

excise hundreds of hours of that related only to the unsuccessful claims, as

required by <u>Hensley</u> and <u>Muniz</u>.

The district court should have excised all fees incurred in pursuit of

Appellee's PAGA claim, which the district court ultimately dismissed for lack of

subject matter jurisdiction. The PAGA claim was never premised on Appellee's

overtime claims, because the PAGA claim was governed by a one year statute of

limitations. Cal. Civ. Proc. Code § 340(a); <u>Thomas v. Home Depot USA Inc.</u>, 527

F.Supp.2d 1003, 1009 (N.D. Cal. 2007); <u>Crosby v. Wells Fargo Bank, N.A.</u>, 42

F.Supp.3d 1343, 1346-1347 (C.D. Cal. 2014). Appellee admitted that after

October 23, 2012, he did not earn any of the call back pay or pager pay on which his miscalculation of overtime claim was based. ER 430 (lines 10-13). Thus, his overtime claim was time barred from forming the basis for any derivative PAGA penalties.

First, the district court should have segregated and excluded from consideration $24,664.20 in fees incurred to pursue discovery and a discovery motion unrelated to the miscalculation of overtime claim, and instead undertaken solely in pursuit of Appellee's unsuccessful PAGA claim for derivative penalties based on his unsuccessful third through seventh claims for relief. ER 141-145, 216 (McLoughlin Decl., ¶¶ 23-24, 28(e), Exhibit 15), 365-366, 401 ("Plaintiff's PAGA claim is predicated on his section 226 claims."), 409, 482, 578-579, 581-583, 590.

Second, the district court should have segregated and excluded from consideration $6,849.70 in fees incurred to file a motion for leave to amend the PAGA claim within the complaint and having nothing to do with the claims on which Appellee. ER 141-145, 216 (McLoughlin Decl., ¶¶ 28(e), Exhibit 15), 504-577.

The district court's award to Appellee of $31,513.90 incurred solely in pursuit of his unsuccessful PAGA claim for penalties premised on his unsuccessful meal and rest break claims, itemized wage statement claims, "waiting time" penalty claims and unreimbursed expense claims was clear error.

**D.**   **The District Court Improperly Concluded That Neither Of San Luis Ambulance's Earlier Rule 68 Offers Was Not More Favorable Than The $750 Judgment Plaintiff Ultimately Obtained**

"In the case of successive offers not accepted, the offeror is saved the costs incurred after the making of the offer which was equal to or greater than the judgment ultimately obtained."  Fed. R. Civ. Proc. 68, 1946 Advisory Committee Notes.  In this case, there is no question that San Luis Ambulance made offers greater than the $750 judgment Appellee ultimately obtained.

Long before Appellee eventually accepted Appellant's Rule 68 offer for $750, Appellant made two prior Rule 68 offers.

On May 5, 2014, Appellee's counsel Lonnie Blanchard sent an email to San Luis Ambulance's counsel asking, "Sean.  We would also like to talk to you about potentially settling our client out on an individual basis.  Would your client be interested in those discussions?  Lonnie."  ER 166.  Despite San Luis Ambulance's affirmative response, no settlement demand or proposal was ever received from Appellee's counsel, even though they could have calculated the potential value of his claims.  ER 135- 138 (McLoughlin Decl., ¶¶ 5-9, 14-17) ER 149-166 (Exhibits 1-4).

On February 26, 2015, San Luis Ambulance served a Rule 68 offer to allow entry of judgment in the amount of $1,000, plus costs and reasonable attorneys'

fees to be determined by the court, but not to exceed $10,000. ER 168-171. On March 20, 2015, San Luis Ambulance served a second Rule 68 offer to allow entry of judgment in the amount of $20,000, inclusive of all recoverable damages, costs, and attorneys' fees incurred to date. ER 195-198. Appellee himself acknowledged receipt of both offers. ER 452-453 (Stewart Decl., ¶¶ 6-7). Appellee let both offers expire, apparently because he wanted to gamble on pursuit of the unrelated state law claims which ultimately failed.

Appellee ultimately obtained a judgment in the amount of $750. ER 355-356. The $750 judgment is less than either the $1,000 previously offered in February or the $20,000 offered in March. The only question is whether Appellee incurred attorneys' fees and costs in excess of $10,000 prior to February 26, 2015, or attorneys' fees and costs in excess of $19,250 ($20,000 - $750) prior to March 20, 2015. If not, then later costs are not recoverable and later attorneys' fees should not be recoverable.

By the district court's own account, Appellee's attorneys incurred recoverable fees and costs that were less than both of San Luis Ambulance's Rule 68 offers during the applicable time periods (assuming the fees incurred by counsel in *Javine* are impermissible). This is illustrated in the charts below.

In the period leading up to San Luis Ambulance's $11,000 Rule 68 offer,

Appellee's attorneys of record through that date incurred only $4,356 in reasonable

fees.

| PRE-OFFER #1 FEES AS DETERMINED BY DISTRICT COURT | | | | |
|---|---|---|---|---|
| Attorney | Hours Requested Through 2/26/2015[4] | Hours After District Court's Reductions | Hourly Rate Accepted by District Court | Total Fee After Court's Reduction |
| Dion-Kindem | 25.75 | 2.904[5] | $750 | $2,178 |
| Blanchard | 21.75 | 2.904[6] | $750 | $2,178 |
| Miller | 0 | 0 | $0 | $0 |
| Baltodano | 0 | 0 | $625 | $0 |
| Wooten | 0 | 0 | $175 | $0 |
| Mitchell | 0 | 0 | $175 | $0 |
| Khan | 0 | 0 | $400 | $0 |
| Haines | 0 | 0 | $550 | $0 |
| Schmidt | 0 | 0 | $350 | $0 |
| **TOTAL** | 43.25 | 5.8 | | **$4,356** |

The same is true with respect to San Luis Ambulance's second $20,000

offer, served just three days after the Baltodano and Boren law firms were

associated into the case.

---

[4] See ER 144 (McLoughlin Decl., ¶ 28(a)); ER 209 (Exhibit 12).
[5] 25.75 hours, less 9.25 (complaint) [ER 11], less 20% (billing increment) [ER 12], less 78% (reduction) [ER 10] equals 2.904 hours.
[6] 21.75 hours, less 5.25 (complaint) [ER 11], less 20% (billing increment) [ER 12], less 78% (reduction) [ER 10] equals 2.904 hours.

| PRE-OFFER #2 FEES AS DETERMINED BY DISTRICT COURT | | | | |
|---|---|---|---|---|
| Attorney | Hours Requested Through 3/20/2015[7] | Hours After District Court's Reductions | Hourly Rate Accepted by District Court | Total Fee After Court's Reduction |
| Dion-Kindem | 43.50 | 6.028[8] | $750 | $4,521 |
| Blanchard | 24.75 | 3.432[9] | $750 | $2,574 |
| Miller | 1.2 | 0.264[10] | $750 | $198 |
| Baltodano | 0.7 | 0.154[11] | $625 | $96.25 |
| Wooten | 0 | 0 | $175 | $0 |
| Mitchell | 0 | 0 | $175 | $0 |
| Khan | 0 | 0 | $400 | $0 |
| Haines | 0 | 0 | $550 | $0 |
| Schmidt | 0 | 0 | $350 | $0 |
| **TOTAL** | 68.0 | 5.8 | | **$7,389.25** |

Accordingly, by the district court's own math, Appellee would have been better off accepting either of San Luis Ambulance's first two Rule 68 offers instead of proceeding with protracted litigation to recover less. Indeed, Appellee and his counsel would have obtained almost $5,894 more had he accepted the first offer ($11,000 - $750 - $4,356), and $11,860.75 more had he accepted the second ($20,000 - $750 - $7,389.25). Instead, Appellee—or more likely his attorneys— made the conscious decision to eschew a bird in the hand in order to gamble on a chance to extract more money from San Luis Ambulance. Having taken that

---

[7] See ER 144 (McLoughlin Decl., ¶ 28(b)); ER 209 (Exhibit 12).
[8] 43.50 hours, less 9.25 (complaint) [ER 11], less 20% (billing increment) [ER 12], less 78% (reduction) [ER 10] equals 6.028 hours.
[9] 24.75 hours, less 5.25 (complaint) [ER 11], less 20% (billing increment) [ER 12], less 78% (reduction) [ER 10] equals 3.432.
[10] 1.2 hours, less 78% (reduction) [ER 10] equals 0.264 hours.
[11] 0.7 hours, less 78% (reduction) [ER 10] equals 0.154 hours.

gamble and lost, Appellee should not have received an award that effectively made San Luis Ambulance pay for the time they wasted on that gamble. <u>Haworth</u>, <u>supra</u>, 56 F.3d at 1052 ("Just because a plaintiff has an FLSA violation in her pocket does not give her a license to go to trial, run up the attorney fees and then recover them from the defendant").

The district court determined that the Rule 68 offers were not more favorable. It found that Appellee had incurred $32,625 in fees as of the date of the first offer and $52,525 in fees prior the second. ER 7. The $32,625 and $52,525 figures were the total attorneys' fees requested by Appellee without regard to the significant reductions ultimately imposed by the district court in determining a "reasonable" fee.

The district court improperly interpreted Rule 68, which requires that the district court look to the fees *actually awarded* rather than the fees *initially sought*. See <u>e.g.</u>, <u>Marryshow v. Flynn</u>, 986 F.2d 689, 692 (4th Cir. 1993) ("We therefore hold that when evaluating, for Rule 68 purposes, the 'judgment finally obtained' to determine whether it is more favorable to a plaintiff than an earlier offer of judgment by the defendants, the judgment finally obtained must include not only the verdict of the jury but also the costs *actually awarded* by the court for the period that preceded the offer")(emphasis added). If the district court's interpretation were the law, plaintiffs could defeat a Rule 68 offer by merely

-29-

*asking* for a fee in excess of the offer. Bogan v. City of Boston, 489 F.3d 417, 431 (1st Cir. 2007) ("[Plaintiff's] argument for crediting their request for pre-offer fees and costs, instead of the amount actually awarded by the court, is illogical. If this were the rule, a prevailing party could always evade the Rule 68 bar simply by asking for a sufficiently large fee award so that the judgment finally obtained exceeds the offer"). Had the district court employed the correct yardstick and compared Appellee's pre-offer fees *as actually determined by the district court elsewhere in its order*, it would have concluded that both of the unaccepted Rule 68 offers were more favorable.

Because San Luis Ambulance's Rule 68 offers were more favorable that the judgment Appellee ultimately obtained, the district court erred in two respects. First, it awarded costs incurred after the Rule 68 offers were made. Costs incurred before the Rule 68 offers were made totaled $563.47, but the district court awarded $3,180.51. ER 326 (Dion-Kindem Decl., ¶ 8); ER 335. Second, the district court erred by not considering the more favorable Rule 68 offers in determining a reasonable fee. Haworth, supra, 56 F.3d at 1052 ("We find this reasoning persuasive and hold that in an FLSA case when a Rule 68 offer of judgment has been rejected, and judgment is obtained for less than the settlement offer, these circumstances must be considered by the district court in determining what fee is reasonable").

-30-

**E.**   **The District Court Erred By Awarding Attorneys' Fees Not Commensurate With The Extent Of Plaintiff's Success**

The district court erred by awarding a total of $132,985 in attorneys' fees to Stewart, which was unreasonably incommensurate with his $750 success.

"The district court must reduce the attorneys' fees award so that it is commensurate with the extent of the plaintiff's success." McGinnis v. Kentucky Fried Chicken of California, 51 F.3d 805, 810 (9th Cir. 1994). In McGinnis, the court stated, "Lawyers might reasonably spend $148,000 worth of time to win $234,000. But no reasonable person would pay lawyers $148,000 to win $34,000." Id. The district court's award to Appellee of fees in excess of $132,000 on a $750 recovery was grossly out of proportion to fee recoveries in similar cases. See e.g., Hoffman v. Construction Protective Services, Inc., 2006 WL 6105640 (C.D. Cal. 2006) (FLSA case in which plaintiffs' $381,249.01 fee request was reduced to $42,000 on a $3,718.12 judgment); Azam-Qureshi v. The Colony Hotel, Inc., 540 F. Supp. 2d 1293, 1296 (S.D. Fla. 2008) (FLSA case in which plaintiff's $13,895.45 fee request was reduced to $425 on a $153.84 judgment); Gary v. Health Care Servs., Inc., 744 F. Supp. 277, 278 (M.D. Ga. 1990) aff'd sub nom. Gary v. Health Care Serv., Inc., 940 F.2d 673 (11th Cir. 1991) (FLSA case in which plaintiff's $26,710 fee request was reduced to $5,977 on a $311.36 judgment).

California law requires the same result.  Harrington v. Payroll Entm't Servs., Inc., 160 Cal. App. 4th 589, 590-91 (2008) (In dispute over $44.63 in unpaid overtime, which settled for $10,500, plaintiff's attorney fee request reduced from $46,000 to $500).

In the district court, Appellee cited to cases like Wilcox v. City of Reno, 42 F.3d 550 (9th Cir. 1994) for the proposition that it is proper to award fees grossly out of proportion to the amount recovered in cases involving non-pecuniary gain. In Wilcox, the plaintiff was awarded fees of $66,535 on a $1 judgment, but the jury determined a city policy to be unconstitutional, city personnel were disciplined, and the city changed the policy.  Wilcox at 556-557.

This case is much different.  Appellee achieved zero non-pecuniary gains. This case was always only about money.   ER 134-137, 142-143 (McLoughlin Decl., ¶ 3-8, 14, 24-25; 797-798 (Haines Decl., ¶¶ 8, 12).  Appellee achieved neither injunctive relief nor any relief benefiting any other person.  His lawsuit did not cause any changes or further any public benefit.  If anything, it harmed the public benefit, by saddling San Luis Ambulance—San Luis Obispo County's only provider of emergency ambulance response service—with unnecessary legal expenses that will ultimately be borne by the County and its residents.

Moreover, the maximum potential value of Appellee's individual wage and hour claims was easily determinable using his number of days worked, applicable

hourly rates, and the statutorily defined penalties available under California's Labor Code. Thus, most of the litigation conduct for which Appellee's counsel sought fees was undertaken after they could have determined that the potential value of Appellee's individual claims for miscalculation of overtime and unrelated statutory penalties was significantly less than the value of the settlements offered by San Luis Ambulance. Awarding any substantial portion of such fees encourages unreasonable and unnecessary litigation conduct, undercuts the purpose of Rule 68, and results in a result that is not commensurate with the actual recovery of $750 that was achieved.

## VIII.

## CONCLUSION

The district court's award to Appellee of $136,165.51 in costs and attorneys' fees in this case was error. That amount included $18,676.90 of fees for time that was already compensated in *Javine* and that was worked by lawyers who did not represent Appellee at the time, and therefore violated the doctrine of collateral estoppel and resulted in unreasonable double recovery. That amount also included $31,513.90 for fees incurred solely in connection with discovery disputes and pleading motions unrelated to the miscalculation of overtime claims and related solely to claims on which Appellee did not prevail. Because the district court incorrectly analyzed whether Appellee's eventual recovery of $750 was better or

worse than the $11,000 and $20,000 offers he previously declined, the district

court's award erroneously included thousands of dollars of costs barred by Rule 68

and failed to determine the reasonableness of the fees incurred after those earlier

offers, in violation of this Court's holding in <u>Haworth v. Nevada</u>.  All of these

errors were compounded by the district court's failure to properly assess what fee

award would be commensurate with the $750 judgment recovered by Appellee and

in light of the circumstances of this case and history of unaccepted settlement

offers.  Each of these mistakes alone would be sufficient to require correction, but

taken together they leave no doubt that this Court should reverse the district court's

January 7, 2016 order, vacate that order and remand to the district court for

determination of an appropriate and substantially smaller award of costs and fees

as dictated by the applicable law.

Dated:  November 23, 2016          HILL, FARRER & BURRILL, LLP


By: /s/ E. Sean McLoughlin
　　 E. Sean McLoughlin
　　 *Attorneys for Appellee*
　　 *SAN LUIS AMBULANCE, INC.*

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Ninth Circuit Rule 28-2.6, counsel advises that Case No. 15-56943 (Stewart v. San Luis Ambulance, Inc.) is a related case pending in this Court.  This appeal involves a challenge by Plaintiff Dylan Stewart to the district court's order granting partial summary judgment.


Dated:  November 23, 2016          HILL, FARRER & BURRILL, LLP


By:  /s/ E. Sean McLoughlin
     E. Sean McLoughlin
     *Attorneys for Appellant*
     *SAN LUIS AMBULANCE, INC.*

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that this brief is written in a proportionally spaced, fourteen-point font, and contains 8,509 words, exclusive of the material not counted under Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

Dated:  November 23, 2016        HILL, FARRER & BURRILL, LLP

By:  /s/ E. Sean McLoughlin
    E. Sean McLoughlin
    *Attorneys for Appellant*
    *SAN LUIS AMBULANCE, INC.*

## **CERTIFICATE OF SERVICE**

I certify that on November 23, 2016, I filed Appellant SAN LUIS

AMBULANCE, INC.'S Opening Brief and the accompanying Excerpts of Record

electronically with the Clerk of the United States Court of Appeals for the Ninth

Circuit.  The Court's ECF system will automatically generate and send by email a

Notice of Docket Activity to all registered attorneys currently participating in this

case, constituting service on those attorneys.

Dated:  November 23, 2016          HILL, FARRER & BURRILL, LLP

By:  /s/ E. Sean McLoughlin
      E. Sean McLoughlin
      *Attorneys for Appellant*
      *SAN LUIS AMBULANCE, INC.*

HFB 1720071.1 S0558002